INGRAM, Presiding Judge.
Summit Ford Truck Sales, Inc. (seller), filed suit against Larry Richey (buyer) for $5,750.00 plus interest and attorney’s fees. The seller alleges that the buyer gave him a check for the down payment for the purchase of a truck, which check was subsequently returned unpaid because of insufficient funds.
The seller moved for a summary judgment, contending that the check for $5,750 was worthless and that the buyer still owes him the balance due ($5,750) plus interest and attorney’s fees. Supporting his motion was a copy of the returned check plus the sales contract signed by the buyer showing a down payment of $5,750. The buyer responded by affidavit, stating that all the terms of the contract were not enumerated in the written agreement. He alleged that he told the seller that he could not buy the truck until he sold another truck and that the seller said he would hold the check until such time as he sold his truck.
The trial court issued an order granting the seller’s motion for summary judgment, finding that there was no genuine issue as to any material fact and that the seller is entitled to a judgment as a matter of law. The buyer’s Rule 59(e), Alabama Rules of Civil Procedure, motion was subsequently denied.
The buyer appeals, contending that the trial court erred in granting the summary judgment. He contends that he has produced a scintilla of evidence to support his opposition that the purchase of the truck was contingent on whether he could find a buyer for his old truck and that the seller agreed to hold his check until such time.
At the outset we note that, since this action was filed after the adoption of § 12-21-12, Code 1975, proof by substantial evidence is the applicable test to be applied and not the scintilla rule. Bass v. South-Trust Bank, 538 So.2d 794 (Ala.1989). If the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to show substantial evidence in support of his position. Bass, supra.
In the instant case, we find that the seller made and supported its motion for summary judgment as provided in Rule 56, Alabama Rules of Civil Procedure. The seller introduced the contract and the can- *995 celled check marked “Insufficient funds.” The burden then shifted to the buyer to submit facts controverting those facts presented by the seller. Bass, supra.
After a careful review of the matter offered by the buyer in opposition to the motion for summary judgment, we find that the buyer did not offer substantial evidence to raise a genuine issue of material fact. The buyer produced no proof that he had not read the contract or that he was unable to read the contract. Clearly, one who has executed a written contract in ignorance of its contents cannot set up his ignorance to avoid the obligation in the absence of fraud or misrepresentation. Ford v. Canton, 530 So.2d 217 (Ala.1988). Furthermore, it is a well-settled general rule that once an agreement has been reduced to writing it cannot be varied by parol evidence. Ford, supra.
In view of the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ„ concur.